IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

COREY A. McDOWELL BEY,
Inmate #O-T60780,
    Plaintiff,

vs.                                    Case No.: 5:13cv68/SPM/EMT

SECRETARY DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this 42 U.S.C. § 1983 action by filing a complaint in March 2013 (doc. 1). He has neither paid the $350.00 filing fee, nor filed a motion for leave to proceed in forma pauperis. Requiring him to do so at this juncture would be futile, as the complaint is due to be dismissed.

    The "three strikes" provision of the Prison Litigation Reform Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of Plaintiff's complaint reveals that he admits to having filed several cases in the Middle and Northern Districts of Florida, as well as in state court. Many of the cases identified by Plaintiff, as well as the instant case, were filed under the name "Corey A. McDowell Bey," although Plaintiff's name is reflected in Florida Department of Corrections ("DOC") records

as "Corey A. McDowell."[1]  The court may take judicial notice that two cases identified by Plaintiff and filed in the Middle District, <u>McDowell v. Hillsborough County Florida Officials, et al.</u>, Case No. 8:10cv1797-T-30TBM, and <u>McDowell Bey v. Gilman, et al.</u>, Case No. 8:12cv1049-T-30TGW (*see* doc. 1 at 5, 6), were dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim on August 23, 2010 and May 16, 2012, respectively.  In this district, <u>McDowell Bey (Inmate #O-T60780) v. Blair, et al.</u>, Case No. 4:11cv22/RH/CAS, was dismissed on July 12, 2012, pursuant to 28 U.S.C. § 1915(e)(2)(B) due to Plaintiff's failure to exhaust his administrative remedies.[2]  Plaintiff is therefore a "three striker" who is not entitled to proceed in forma pauperis absent an allegation of imminent danger of serious physical injury.[3]

In the instant complaint, Plaintiff alleges that he was attacked by other inmates on March 9, 2010 at Apalachee Correctional Institution (doc. 1 at 7).  He asserts that Defendant Blair observed the attack without attempting to intervene to prevent injury to Plaintiff (*id.* at 7–8).  Plaintiff contends that Nurse Henning did not provide proper medical care for the injuries resulting from the assault (*id.* at 8–9).  Finally, he complains that Defendant Secretary of the DOC does not have proper procedures in place to ensure that inmates can effectively exhaust available grievance procedures, which led to the dismissal of Plaintiff's previous case for failure to exhaust his administrative remedies (*id.* at 9–12).

Clearly, Plaintiff has failed to meet the imminent injury requirement of section 1915(g).  He alleges no facts suggesting he is under imminent danger of serious physical injury.  Because Plaintiff did not pay the $350.00 filing fee at the time he submitted this civil rights action, and because Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed.  Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir.

---

[1] *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=954025854

[2] Although this dismissal was without prejudice, and the underlying facts are the same facts as are raised in this case, Plaintiff's former case is still considered a "strike."

[3] By its terms, title 28 U.S.C. § 1915(g) does not differentiate between dismissals pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissals pursuant to § 1915A(b).

Case No.: 5:13cv68/SPM/EMT

2002). Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 18th day of March 2013.

> */s/ Elizabeth* M. Timothy
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**